IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERENCE L. DAVIS,

      Plaintiff,                      No. 2:12-cv-1184 CKD P

   vs.

SHEENA, et al.,

      Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency

to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

\\\\\

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
4 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5    Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.
6 See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002).  Complaints are required to set
7 forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of
8 the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8
9 requires only "sufficient allegations to put defendants fairly on notice of the claims against
10 them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of
11 the cause of action are present, but are scattered throughout the complaint and are not organized
12 into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is
13 proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).
14 A.  Allegations
15    Plaintiff names four defendants: Deputy Sheena, Sheriff McGinues, Dr. Bower,
16 and Dr. Peter Nesbit.  (Dkt. No. 1 at 6.)  Plaintiff alleges that on June 12, 2010, while housed at
17 the Sacramento County Jail, he slipped when exiting the shower and injured his head, neck, back,
18 and right shoulder.  (Id. at 9-10.)  He summoned help and allegedly spoke to defendant Sheena
19 on June 12 and various staff on June 13 and 14, but was not taken to the facility's medical
20 department until June 24, 2010.  (Id. at 12-13.)  Plaintiff alleges at various places in the
21 complaint that he was in severe pain during this period and could not move his right arm.
22    On June 24, defendant Dr. Bower examined plaintiff and concluded that plaintiff
23 had ripped his right rotary cuff.  He prescribed medication, a sling, and "immediate x-rays of
24 plaintiff's right shoulder[.]" (Id. at 14-15.)  Plaintiff asserts that he should have been sent outside
25 the jail for additional medical tests.  (Id.)
26 \\\\\

Three or four days later, plaintiff was examined by defendant Dr. Nesbit, who "evaluated plaintiff's right shoulder" in light of plaintiff's x-rays and concluded that plaintiff's rotary cuff was "indeed ripped/torn." (Id. at 15.) Plaintiff requested to be sent immediately for an outside MRI, but Nesbit did not arrange this. (Id. at 16.)

Plaintiff alleges that medical staff acted in retaliation against him for filing grievances. (Id. at 28.) He also alleges that jail officials violated their duty of care by failing to install safety rails, bars, mats, and other safety features around the shower area. (Id. at 32.)

B. Analysis

1. Deliberate Indifference - Medical

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).[1] The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In

---

[1] It is not clear whether, during the events alleged, plaintiff was a pretrial detainee. Because the Eighth Amendment applies only to persons who have been sentenced following a criminal conviction, Bell v. Wolfish, 441 U.S. 520, 528 (1979), plaintiff cannot proceed under the Eighth Amendment if his claims concern pre-conviction events. However, pretrial detainees receive protection from onerous conditions of confinement from the Fourteenth Amendment and the standards for protection for prisoners under the Eighth Amendment, and pretrial detainees under the Fourteenth Amendment are generally the same. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To the extent the court identifies Eighth Amendment principles below, those principles are equally applicable to Fourteenth Amendment claims.

order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

For screening purposes, the court concludes that plaintiff has stated an Eighth Amendment deliberate indifference claim as to defendant Sheena. As to defendants Drs. Bower and Nesbit, however, plaintiff's allegations amount to a difference of opinion regarding medical

treatment and are not actionable under section 1983.

2. Deliberate Indifference - Safety

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834.  In the context of failure to protect an inmate from a known threat to safety, deliberate indifference does not require an express intent to punish. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Further, the standard does not require that the official believe "to a moral certainty" physical harm will result. Id.  But, there must be more than "mere suspicion" of harm.  Id.

Plaintiff's allegations concerning his slip and fall while exiting the shower do not amount to deliberate indifference under this standard.  While plaintiff alleges that the shower lacked certain safety features, he does not allege that any named defendant had reason to believe that the shower area posed a substantial risk of serious harm.[2]  Plaintiff does not allege that he told defendants that he felt unsafe in the shower prior to June 12, 2010, or that they refused him assistance in entering or exiting the shower.  See also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that requiring an inmate to shower while handcuffed and shackled did not amount to a violation of the inmate's rights because, a "sufficiently unsafe condition" was not created).

As to defendant McGinues, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore,

---

[2] Plaintiff alleges that he "had observed these conditions for close to a year, and did make complaints. Staff had . .. prior knowledge that their housing shower units were unsafe and that someone could be hurt[.]" (Dkt. No. 1 at 32.) However, plaintiff does not allege that any specific defendant had reason to believe the shower was unsafe.

6

when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus plaintiff does not state a claim against any defendant on this basis.

3. Retaliation

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff does not allege the elements of a retaliation claim against any defendant.

C. Conclusion

In sum, the court concludes that, for screening purposes, plaintiff has stated an Eighth Amendment claim against defendant Sheena, and the remaining defendants and causes of action should be dismissed.

Plaintiff will be given 28 days from the date of service of this order to amend his complaint to cure any deficiencies outlined above.  Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice.  Upon filing an amended complaint or expiration fo the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

\\\\\

\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's claims against defendants McGinues, Bower, and Nesbit are dismissed with leave to amend. Additionally, all claims except the deliberate indifference claim against defendant Sheena are dismissed with leave to amend;

4. Plaintiff is granted 28 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendants and causes of action;

5. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, shall be labeled "Amended Complaint," and shall not exceed twenty (20) pages;

6. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants; and

7. Plaintiff's April 30, 2012 motion to appoint counsel (Dkt. No. 2) is denied; and

8. Plaintiff's September 4, 2012 motion for issuance of subpoenas (Dkt. No. 6) is denied as premature.

Dated: September 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
davi1184.B